UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA BUCK, | CASE NO. CV F 13-0701 LJO GSA |
| Plaintiff, | **ORDER TO DISREGARD OPPOSITION PAPERS** |
| vs. | (Doc. 18) |
| CEMEX, INC., et al., | |
| Defendants. | |
| _____/ | |

On May 20, 2013, defendants filed their F.R.Civ.P. 12 motion to dismiss (doc. 8) plaintiff's original complaint and set a June 25, 2013 hearing. On June 13, 2013, plaintiff filed her motion to remand (doc. 13) to challenge this Court's jurisdiction. This Court's June 14, 2013 order ("June 14 order") (doc. 16) explained that "[t]his Court does not rule on motions to dismiss until its jurisdiction and remand issues are settled." The June 14 order vacated the June 25, 2013 hearing, termed defendant's motion to dismiss, and ordered defendants, no later than 20 days after issuance of a remand order, to file and serve papers to respond to plaintiff's complaint, unless this action is remanded to state court. The June 14 order informed the parties that this Court would not address a motion to dismiss until remand was resolved and that if this case is not remanded, defendants may seek dismissal anew by filing "a renewed motion to dismiss."

Despite the June 14 order's clarity, plaintiff inexplicably filed papers (docs. 17, 18) to oppose the termed motion to dismiss to burden the record and this Court. Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote

1

inordinate time and resources to individual cases and matters. As such, this Court will not devote time or resources to a motion to dismiss which, as plaintiff acknowledges, will be rendered moot if this action is remanded. Addressing the motion to dismiss prior to determination of remand would jeopardize Judge O'Neill's case management and would necessitate devotion of inordinate time and resources to this case at the expense of other actions and litigants.

The parties and this case will be best accommodated if the parties consent to the conduct of all further proceedings by one of the Court's U.S. Magistrate Judges. The Magistrate Judges' availability is far more realistic and accommodating to parties than that of Judge O'Neill, who must prioritize criminal and older civil cases over more recently filed civil cases. If the parties consent to Magistrate Judge jurisdiction, the reassigned magistrate judge can devote more available resources to accommodate this action and the parties.

Moreover, civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Also, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including briefing schedules, trial setting and interruption, are avoided if the parties consent to conduct of proceedings by a Magistrate Judge.

The parties are required to consider, and if necessary, to reconsider consent to one of the Court's Magistrate Judges. A Magistrate Judge consent form is available on this Court's website. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this case. For further information regarding handling of this case, the parties may contact staff attorney Gary Green at (559) 499-5683 or email him at ggreen@caed.uscourts.gov.

On the basis of good cause, this Court:

1. REGARDS plaintiff's opposition papers (17, 18) to the termed motion to dismiss and will not review them;
2. REITERATES that the June 14 order remains in effect and that defendants may file and serve a renewed motion to dismiss if this action is not remanded; and
3. WILL TAKE no further action on the termed motion to dismiss (doc. 8); and
4. ORDERS the parties not to appear in this Court on June 25, 2013 or July 2, 2013 for a motion to dismiss hearing.

IT IS SO ORDERED.

Dated:   **June 19, 2013**                              **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE