1  HANSON BRIDGETT LLP
   DOROTHY S. LIU, SBN 196369
2  dliu@hansonbridgett.com
   DAVID A. ABELLA, SBN 275982
3  dabella@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:     (415) 777-3200
5  Facsimile:     (415) 541-9366

6  Attorneys for Defendants CEMEX, INC. and
   CEMEX CONSTRUCTION MATERIALS
7  PACIFIC, LLC

8

9                    **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

11

12  TRISHA BUCK, on behalf of herself, and all       CASE NO. 13-cv-00701-LJO-MJS
    others similarly situated,
13                                                    **[CLASS ACTION]**
                    Plaintiff,
14                                                    **DEFENDANTS' REPLY MEMORANDUM
           v.                                         OF POINTS AND AUTHORITIES IN
15                                                    SUPPORT OF DEFENDANTS' MOTION
    CEMEX, INC., a Louisiana Corporation;             FOR JUDGMENT ON THE PLEADINGS
16  CEMEX CONSTRUCTION MATERIALS                      AND MOTION TO STRIKE; OR IN THE
    PACIFIC, LLC, a Delaware Limited Liability        ALTERNATIVE, DEFENDANTS'
17  Company; and DOES 1-50, inclusive,                MOTION FOR PARTIAL JUDGMENT
                                                      ON THE PLEADINGS**
18                  Defendants.
                                                      **[Fed. R. Civ. P. 12(c); 12(f)]**
19
                                                      **Date:  Vacated**
20
                                                      **Time:  Vacated**
21
                                                      **The Honorable Lawrence J. O'Neill**
22

23

24

25

26

27

28

8257502.1

DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1

**TABLE OF CONTENTS**

2

**Page**

3  I.     INTRODUCTION AND SUMMARY OF ARGUMENT.................................................... 1

4  II.    ARGUMENT ................................................................................................................ 2

5         A.    It Is Well Settled That A Rule 12(c) Motion For Judgment On The
                Pleadings Is The Functional Equivalent Of A Rule 12(b)(6) Motion, And It
6               Is Well Settled That A Rule 12(c) Motion May Be Based On The
                *Twombly/Iqbal* Pleading Standard. ........................................................................ 2
7
          B.    Plaintiff Fails To Demonstrate That She Can Allege Exhaustion Of
8               Mandatory Grievance Procedures; She Effectively Concedes That Claims
                For Breach Of The CBA Are Improper And Thus Must Be Dismissed. .................. 3
9
          C.    Plaintiff Has Made No Good Cause Showing To Allow Yet Another Leave
10              To Amend.................................................................................................................. 5

11        D.    This Court Has Considered And Granted Motions To Strike Beyond The
                21-Day Period Where Appropriate. ......................................................................... 9
12
   III.   CONCLUSION ............................................................................................................ 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-i-

DEFS' MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1

# TABLE OF AUTHORITIES

2                                                                                                        **Page**

3

4  **CASES**

5  *Anderson v. Blockbuster, Inc.*
           No. 2:10-cv-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854
6          (E.D. Cal. May 4, 2010) ................................................................................................. 2, 9

7  *Ashcroft v. Iqbal*
           556 U.S. 662 (2009) ................................................................................................. 1, 2, 9
8
   *Bell Atlantic Corp. v. Twombly*
9          550 U.S. 544 (2007) ................................................................................................. 1, 2, 9

10 *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*
           637 F.3d 1047 (9th Cir. 2011) ...................................................................................... 2, 3
11
   *Champlaie v. BAC Home Loans Servicing, LP*
12         706 F. Supp. 2d 1029 (E.D. Cal. 2009) ......................................................................... 10

13 *Chavez v. United States*
           683 F.3d 1102 (9th Cir. 2012) ......................................................................................... 3
14
   *Coleman v. Quaker Oats Co.*
15         232 F.3d 1271 (9th Cir. 2000) ...................................................................................... 2, 5

16 *Corrections USA v. Dawe*
           504 F.Supp.2d 924 (E.D. Cal. 2007) ............................................................................... 9
17
   *Dilts v. Penske*
18         No. 12-55705, 2014 U.S. App. LEXIS 12933
           (9th Cir. Cal. July 9, 2014, amended Sept. 8, 2014) ........................................................ 9
19
   *Fleming v. Pickard*
20         581 F.3d 922 (9th Cir. 2009) ............................................................................................ 3

21 *Kaufman v. Pacific Maritime Ass'n*
           No. C-12-5051 EMC, 2013 U.S. Dist. LEXIS 53210 (N.D. Cal. Apr. 12, 2013)................. 4
22
   *Kirby v. Immoos Fire Protection, Inc.*
23         53 Cal.4th 1244 (2012) .......................................................................................... 1, 9, 10

24 *Lomeli v. Costco Wholesale Corp.*
           No. 11-CV-2508-MMA(KSC), 2012 U.S. Dist. LEXIS 55913
25         (S.D. Cal. Apr. 20, 2012) ................................................................................................. 4

26 *Lopez v. County of Tulare*
           2012 U.S. Dist. LEXIS 1833 (E.D. Cal. 2012) ................................................................. 9

27

28

DEFS' MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

*Lopez v. HMS Host, Inc.*
    No. C-09-04930 SI, 2010 U.S. Dist. LEXIS 7149 (N.D. Cal. Jan. 13, 2010)....................... 4

*Nelson v. Dollar Tree Stores, Inc.*
    No. 2:11-CV-01334 JAM-CMK, 2011 U.S. Dist. LEXIS 90531
    (E.D. Cal. April 15, 2011) .................................................................................... 2, 9

*Rodriguez v. Old Dominion Freight Line*,
    No. CV 13-891 DSF (RZx), 2013 U.S. Dist. LEXIS 171328
    (C.D. Cal. Nov. 27, 2013) ............................................................................................ 9

*Singletary v. Teavana Corp.*
    No. 5:13-cv-01163-PSG, 2014 U.S. Dist. LEXIS 62073 (N.D. Cal May 2, 2014) .............. 9

*Young v. Anthony's Fish Grottos, Inc.*
    830 F.2d 993 (9th Cir. 1987)............................................................................................. 3


## STATUTES

29 U.S.C. § 185(a)................................................................................................................. 1

Fed. R. Civ. P. 12(c).............................................................................................................. 3

Labor Code Section 203 ..................................................................................................... 8, 9


## OTHER AUTHORITIES

5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380 ........................................ 9

William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe,
    *Federal Civil Procedure Before Trial* § 9:319.................................................................... 2

DEFS' MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Opposition is notably devoid of any arguments responding to the merits of Defendants' Motion for Judgment on the Pleadings and Motion to Strike.  She fails to demonstrate that she can amend her Complaint to allege exhaustion of mandatory grievance procedures, which is a necessary element for her claims for alleged meal period violation and attendant penalties (First, Third, Fourth and Fifth Causes of Action) under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).  In fact, Plaintiff now takes the position that the Collective Bargaining Agreement between CEMEX and Teamsters Local No. 386 ("CBA") did <u>not</u> apply to her employment, which – if taken as true – means that Plaintiff effectively has conceded that she cannot prevail on any claims for breach of the CBA.  Thus, her claims for breach of the CBA are improper.  Judgment in Defendants' favor and dismissal of Plaintiff's First, Third, Fourth and Fifth Causes of Action are appropriate for this reason alone.

Likewise, Plaintiff's Opposition fails to address the Supreme Court's decision in *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1248, 1256-1257 (2012), which forecloses her Fourth Cause of Action for "waiting time penalties" and which also bars any recovery of attorneys' fees by Plaintiff.  Judgment in Defendants' favor and dismissal of Plaintiff's Fourth Cause of Action, as well as dismissal of Plaintiff's request for attorneys' fees are proper based on the Supreme Court's *Kirby v. Immoos Fire Protection, Inc.* decision.

Furthermore, Plaintiff's Opposition fails to make any showing as to how her individual allegations or class allegations meet the *Iqbal/Twombly*[1] pleading standards.  Contrary to Plaintiff's assertions, it is appropriate to challenge the sufficiency of a plaintiff's allegations under *Iqbal/Twombly* on a Rule 12(c) Motion for Judgment on the Pleadings.  And as analyzed in Defendants' moving papers, Plaintiff's 74-paragraph Complaint contains only a single paragraph (Paragraph 5) alleging threadbare facts stating that Plaintiff "worked for Defendants in an hourly

---

[1]  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

8257502.1

-1-

1   position as a cement truck driver during the one year period prior to filing the complaint."

2   (Compl. ¶5.)  Plaintiff's Complaint otherwise merely contains a conclusory recitation of elements

3   under various California Labor Code sections, which this Court has held insufficient to meet

4   pleading standards.  *See Nelson v. Dollar Tree Stores, Inc.*, No. 2:11-CV-01334 JAM-CMK, 2011

5   U.S. Dist. LEXIS 90531 at \*5-6 (E.D. Cal. April 15, 2011); *Anderson v. Blockbuster, Inc.,* No.

6   2:10-cv-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 at \*7-8 (E.D. Cal. May 4, 2010).

7           Rather than demonstrate the sufficiency of her allegations, Plaintiff instead complains that

8   the instant Rule 12(c) motion was filed "too late" and should have been brought as a Rule 12(b)(6)

9   motion.  As fully briefed below, Plaintiff's arguments do not withstand scrutiny.  She further

10  requests leave to amend but fails to make any good cause showing for allowing such an

11  amendment after having been given multiple extensions under the Court's prior orders.  *See*

12  *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000); *see* ECF Nos. 32, 34, 37, 43.

13  Under these circumstances, judgment in Defendants' favor is appropriate.

## II.      ARGUMENT

**A.      It Is Well Settled That A Rule 12(c) Motion For Judgment On The Pleadings Is The Functional Equivalent Of A Rule 12(b)(6) Motion, And It Is Well Settled That A Rule 12(c) Motion May Be Based On The *Twombly/Iqbal* Pleading Standard.**

17          Plaintiff complains that a Rule 12(c) Motion for Judgment on the Pleadings is an improper

18  means by which to attack the sufficiency of her allegations and that such a challenge can only be

19  brought as a Rule 12(b)(6) motion.  She contends that it is too late to challenge the sufficiency of

20  her Complaint because the pleadings are closed.

21          However, it is well settled that a Rule 12(c) Motion for Judgment on the Pleadings is

22  "functionally identical" to a Rule 12(b)(6) motion; the two motions are "virtually

23  interchangeable."  *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047,

24  1054 n.4 (9th Cir. 2011); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe,

25  *Federal Civil Procedure Before Trial* § 9:319.  It also is well settled that a Rule 12(c) motion is

26  brought <u>after</u> the close of the pleadings and that, furthermore, a Rule 12(c) motion may be based

27  on the *Twombly/Iqbal* pleading standard.  *See Chavez v. United States*, 683 F.3d 1102, 1108-1109

28

8257502.1

-2-

1    (9th Cir. 2012); *Cafasso*, 637 F.3d at 1054 n.4.  Contrary to Plaintiff's contentions, the standard

2    applied on a Rule 12(c) motion is the <u>same</u> as that applied for Rule 12(b)(6) motions.  Judgment

3    on the pleadings is appropriate when, even if all material facts in the pleading under attack are

4    true, the moving party is entitled to judgment as a matter of law.  *Fleming v. Pickard*, 581 F.3d

5    922, 925 (9th Cir. 2009).

6         Plaintiff also complains that Defendants' motion was brought after the close of the

7    pleadings.  But, that is precisely the point and the purpose of a Rule 12(c) motion.  "After the

8    pleadings are closed – but early enough not to delay trial – a party may move for judgment on the

9    pleadings."  Fed. R. Civ. P. 12(c).  Here, the parties' trial date is set for June 30, 2015.  ECF No.

10   43 (Scheduling Order).  Defendants filed the instant motion on August 1, 2014, nearly eleven (11)

11   months prior to trial.  ECF Nos. 45, 46, 47, 48.  Plaintiff has neither argued nor shown that

12   Defendants' Motion for Judgment on the Pleadings would cause delay of the parties' trial date of

13   June 30, 2015.  There is nothing improper about bringing a Rule 12(c) motion at this time.

14   **B.      Plaintiff Fails To Demonstrate That She Can Allege Exhaustion Of Mandatory
           Grievance Procedures; She Effectively Concedes That Claims For Breach Of The
15         CBA Are Improper And Thus Must Be Dismissed.**

16        According to Plaintiff's Opposition, Defendants "insist" that her state law claims are

17   "barred by the Collective Bargaining Agreement."  Pl. Opp. 2:20-22.  Defendants have made no

18   such argument.  Rather, Defendants contend that (1) this Court already found that Plaintiff's state

19   law claims for alleged missed meal period violations and penalties are preempted by Section 301

20   of the LMRA; (2) Plaintiff's state law claims are therefore converted to claims for breach of the

21   CBA under Section 301 of the LMRA ("Section 301 claims"), *Young v. Anthony's Fish Grottos,*

22   *Inc.*, 830 F.2d 993, 999 (9th Cir. 1987); (3) in order to bring Section 301 claims for breach of the

23   CBA, a plaintiff is required to plead exhaustion of the CBA's grievance procedure; and (4)

24   Plaintiff does not, and cannot, allege exhaustion of the CBA's grievance procedure.

25        Plaintiff concedes that this Court found her state law claims to be preempted by Section

26   301 of the LMRA.  Pl. Opp. 2:19-20.  Indeed, in its Order Denying Plaintiff's Motion to Remand,

27   this Court held that "the Court concludes that the state law claims here are preempted by LMRA

28

8257502.1
                                                    -3-

1   §301." ECF No. 28 at pp. 12-13.  Plaintiff also does not dispute that her state law claims thus are

2   converted to Section 301 claims for breach of the CBA.  Furthermore, Plaintiff does not dispute

3   the well settled rule that, in order to assert a Section 301 claim, the plaintiff "must *allege* that [he

4   or she] either followed the grievance procedure established by the CBA before filing the present

5   action or that there is a legal basis for [his or her] failure to exhaust this process." *See Kaufman v.*

6   *Pacific Maritime Ass'n*, No. C-12-5051 EMC, 2013 U.S. Dist. LEXIS 53210 at *5-6 (N.D. Cal.

7   Apr. 12, 2013) (emphasis added); *Lopez v. HMS Host, Inc*., No. C-09-04930 SI, 2010 U.S. Dist.

8   LEXIS 7149 at *16 (N.D. Cal. Jan. 13, 2010) (same); *see Lomeli v. Costco Wholesale Corp*., No.

9   11-CV-2508-MMA(KSC), 2012 U.S. Dist. LEXIS 55913 at *10-11 (S.D. Cal. Apr. 20, 2012) (on

10  motion to dismiss, holding that "[h]aving determined that section 301 preempts Plaintiff's first

11  claim for breach of the implied covenant, the Court dismisses the preempted section 301 claim

12  based on Plaintiff's failure to exhaust the CBA's grievance procedures.").

13          Although Plaintiff concedes that this Court found her state law claims to be preempted by

14  Section 301 of the LMRA, Plaintiff does not attempt to demonstrate that she can allege exhaustion

15  of the CBA's grievance procedure as a necessary element to her Section 301 claims.  Plaintiff

16  instead now takes the position that the CBA did <u>not</u> apply to her employment.  She contends that

17  her employment was never subject to the CBA because she never agreed to become a member of

18  the Teamsters Local No. 386, and she further appears to argue that she did not authorize any union

19  dues to be deducted from her paycheck.  Pl.'s Opp. 7:22-10:3.  Despite having never challenged

20  the CBA in her Motion to Remand, Plaintiff now for the first time contests the applicability of the

21  CBA.  She then argues that because she "contests" the CBA, Defendants' Request for Judicial

22  Notice of the CBA is inappropriate and judgment on the pleadings is inappropriate.

23          Plaintiff's argument misses the mark.  Defendants' motion does not depend on whether

24  Plaintiff admits that she was a member of Teamsters Local No. 386 or whether Plaintiff admits

25  that she authorized union dues to be deducted from her paycheck.  Rather, Defendants contend

26  that Plaintiff does not allege exhaustion of the CBA's grievance procedure, which is a mandatory

27

28

8257502.1

DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1  element of her state law claims that have been converted to Section 301 claims.[2]

2       Simply put, Plaintiff admits that this Court found her state law claims to be preempted by

3  Section 301 of the LMRA.  Pl. Opp. 2:19-20.  It thus follows that her state law claims are

4  converted to Section 301 claims for breach of the CBA, which require exhaustion of the CBA's

5  grievance procedure – elements that Plaintiff does not dispute.  But rather than show that she can

6  satisfy the exhaustion element, Plaintiff instead argues that the CBA did <u>not</u> apply to her.  If

7  Plaintiff's position is taken as true, then Plaintiff effectively has conceded that she cannot prevail

8  on any claims for breach of the CBA because she was not subject to the CBA.  Thus, according to

9  Plaintiff's own theory, any claims for breach of the CBA are improper.  Judgment in Defendants'

10  favor and dismissal of Plaintiff's First, Third, Fourth and Fifth Causes of Action are appropriate

11  on this basis, in addition to the grounds briefed in Defendants' moving papers.[3]

12  **C.       Plaintiff Has Made No Good Cause Showing To Allow Yet Another Leave To Amend.**

13       Rather than demonstrate the sufficiency of her allegations, Plaintiff instead requests leave

14  to amend under Rule 15.  However, where the Court has established a deadline for amendment of

15  pleadings, a good cause showing under Rule 16(b) is required in order to allow such an

16  amendment.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  That is, the

17  _____

18  [2]  Plaintiff did not contest the applicability of the CBA in her Motion to Remand.  In ruling on that
19  motion, this Court specifically concluded: **"As a truck driver for Cemex, Plaintiff was a
member of Teamsters Local 386 labor union.  While employed, her wages and working
20  conditions were governed by the parties' CBA which included terms and conditions
governing wages, meal periods, grievances and arbitrations….Plaintiff argues that these
21  provisions are not fully consistent with California law and may not deviate from it."**  ECF
No. 28, at pp. 9-10 (Order Denying Plaintiff's Mot. to Remand, Aug. 28, 2013) (emphasis added).
22
[3]  Plaintiff contends that her Third, Fourth and Fifth Causes of Action are not derivative of her
23  meal period claim.  Not so.  This Court in its Order Denying Motion to Remand already has found
that Plaintiff's accompanying claims for penalties also are preempted by Section 301 of the
24  LMRA.  *See* ECF No. 28, at p. 13.  In fact, Plaintiff's own Motion to Remand devoted a section of
her brief arguing that her Third, Fourth and Fifth Causes of Action are derivative claims.  ECF No.
25  13, at pp. 13-15.  Plaintiff's Third, Fourth and Fifth Causes of Action claim various derivative
penalties "as a result of not paying [putative class members] premium wages for unprovided meal
26  and rest periods" and "as a result of not being paid additional required wages for rest and meal
27  periods not provided to her…"  Compl. ¶¶51, 70; *see also* Compl. ¶¶60, 62.

28

8257502.1

DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1   liberal policy under Rule 15 for amendment of pleadings no longer applies. *Id.*

2       Here, this Court already had extended the amendment deadline from <u>November 27, 2013</u>

3   <u>to March 28, 2014</u> for any hearing on a Motion to Amend, specifically allowing Plaintiff a final

4   opportunity to bring any Motion to Amend the Pleadings.  ECF No. 37 (Court's Minute Order,

5   Jan. 21, 2014); see also ECF No. 32 (Court's Minute Order, Oct. 16, 2013).  Plaintiff twice

6   represented to this Court that she would be filing an amended complaint.  *See also* ECF No. 32

7   (Minute Order re: Mot. to Amend Pleadings, Oct. 16, 2013); RJN, Ex. C, ECF No. 34 (Stip. and

8   Modified Order for Leave to File Amd. Compl., Oct. 31, 2013).  On each such occasion, however,

9   Plaintiff did not follow through with filing any amended pleading.  This Court's January 21, 2014

10  Minute Order stated:  "[T]he Court extends until March 28, 2014, the deadline for hearing on any

11  anticipated Motion to Amend the Pleadings.  **Failure to file any such Motion in sufficient time**

12  **to allow it to be heard by that deadline will foreclose the filing of such a Motion AND expose**

13  **Plaintiff to sanctions, including dismissal sanctions, for failure to obey a court Order and**

14  **failure to prosecute**."  ECF 37 (Court's Minute Order, Jan. 21, 2014) (emphasis added).  The

15  pleadings are now closed by Court Order.  Thus, Plaintiff must make a showing of good cause for

16  the amendment of any pleadings under Rule 16(b).

17      Not only does Plaintiff's Opposition fail to address the defects of her Complaint, but

18  Plaintiff further fails to make any showing of how allowing yet another amendment would cure

19  the deficiencies.  Worse yet, she fails to make any good cause showing for why amendment

20  should be granted.  Plaintiff's attempt to argue futility is disingenuous at best.  She contends that

21  Defendants should have brought the instant motion earlier – suggesting that she did not have

22  notice that Defendants intended to challenge the sufficiency of her allegations – and yet, Plaintiff

23  at the same time concedes that Defendant did, indeed, bring a prior Motion to Dismiss on May 20,

24  2013,[4] essentially acknowledging that she was aware of Defendant's arguments as early as May

25  2013, nearly one year <u>before</u> the Court's deadline for Plaintiff's Motion for Leave to Amend.

26  _____

27  [4] Pl.'s Opp. 6:12-15.

28

DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1          On May 20, 2013, Defendants had filed a Rule 12(b)(6) Motion to Dismiss, which was

2   brought on grounds of preemption under the Federal Aviation Administration Authorization Act

3   of 1994 ("FAAAA"), and which also included challenges to the sufficiency of Plaintiff's

4   allegations.  ECF Nos. 8, 9, 10 (Defs' Mot. to Dismiss).  Plaintiff filed an Opposition to

5   Defendants' Rule 12(b)(6) Motion to Dismiss.  ECF No. 18 (Pl. Opp. to Mot. to Dismiss).

6   Plaintiff thus was fully apprised and aware of Defendants' challenge to the sufficiency of her

7   allegations as early as May 2013.  As detailed above, the Court subsequently extended the

8   deadline for Plaintiff's amendment of pleadings until March 28, 2014, nearly one year later.  ECF

9   No. 37.  Plaintiff's contention that she did not have notice of her pleading deficiencies and did not

10  have an "opportunity to amend her Complaint" is without merit.  Pl.'s Opp. 7:3-5.

11         Plaintiff also asserts that Defendants were *ordered* by this Court to re-file their initial Rule

12  12(b)(6) Motion to Dismiss following the remand decision, and Plaintiff further suggests that the

13  Court had established a "cutoff" deadline for Defendants' Motion for Judgment on the Pleadings.

14  Not so.  This Court vacated Defendants' Rule 12(b)(6) Motion to Dismiss pending its disposition

15  of Plaintiff's Motion to Remand.  ECF No. 16 (Order vacating hearing, June 14, 2013).  The Court

16  provided Defendants with 20 days within which to <u>respond</u> to Plaintiff's Complaint after issuance

17  of the remand decision.  ECF No. 16.  In no way did the Court "order[] Defendants to re-file" their

18  Rule 12(b)(6) Motion to Dismiss, as Plaintiff claims, and in no way did the Court issue any order

19  establishing a "cutoff" deadline for Defendants' Motion for Judgment on the Pleadings, as

20  Plaintiff suggests.[5]  Pl.'s Opp. 5:19-21; *see also* Pl.'s Opp. 1:15-17.

21         Plaintiff also inexplicably claims that Defendants' instant Rule 12(c) Motion for Judgment

22  on the Pleadings is "duplicative" and identical to Defendants' prior Rule 12(b)(6) Motion to

23  Dismiss, asserting that the only difference is the title of the motion.  Pl.'s Opp. 4, n.2; *see also*

24  Pl.'s Opp. 4:1-3; 6:12-15.  She contends that, because the two motions are identical, Defendants

25

26

27  [5] On September 18, 2013, Defendants opted to file an Answer to the Complaint and declined to re-file their Rule 12(b)(6) motion on FAAAA preemption grounds at that time.

28

8257502.1

1    should have filed the instant Rule 12(c) motion earlier.  But, even a cursory review of Defendants'

2    Rule 12(b)(6) and Rule 12(c) motions demonstrates that each motion includes very different

3    grounds.  The core of Defendants' prior Rule 12(b)(6) motion was preemption under the FAAAA.

4    ECF Nos. 8, 9, 10.  By contrast, the core of Defendants' instant Rule 12(c) motion is preemption

5    under Section 301 of the LMRA, Plaintiff's failure to allege exhaustion of grievance procedures

6    under the CBA, and the inapplicability of Section 203 "waiting time penalties."  ECF No. 46.

7    Plaintiff has provided no authority for her position that Defendants are barred from moving for

8    Judgment on the Pleadings eleven months before trial.

9         Plaintiff's actions throughout these case proceedings further inform the timing of

10   Defendant's instant motion.  Following issuance of this Court's Order Denying Plaintiff's Motion

11   to Remand, Plaintiff subsequently made multiple representations stating that she would amend her

12   Complaint, so the Court extended the deadline for the amendment of pleadings from November

13   27, 2013 to March 28, 2014, and the pleadings were not closed until April 29, 2014.  *See* ECF

14   Nos. 32, 34, 37, 43.  Since the pleadings were closed on April 29, 2014 – without any amendment

15   from Plaintiff – Defendants elected to file the instant Rule 12(c) Motion for Judgment on the

16   Pleadings on several grounds separate and apart from any FAAAA preemption issue previously

17   briefed.  Quite contrary to Plaintiff's assertions, Defendants' Rule 12(c) motion was not brought

18   on identical grounds as Defendants' prior Rule 12(b)(6) motion, and Defendants were in no way

19   dilatory in bringing the instant motion.  Rather, Plaintiff's own actions have driven the lengthy

20   timeline in this case by leaving the pleadings open and making multiple representations stating

21   that she would amend her Complaint, but failing to do so time and time again.

22        Moreover, Plaintiff was on notice as early as May 20, 2013 that Defendants intended to

23   challenge the sufficiency of her pleading, but she has failed to correct the deficiencies in her

24   pleading despite several opportunities to do so.  Nor can she.  For example, as briefed in

25   Defendants' moving papers, Plaintiff's Fourth Cause of Action for "waiting time penalties" under

26   Labor Code Section 203 must be dismissed because, as the Supreme Court has clarified, a Section

27   226.7 claim is not a claim for "nonpayment of wages."  Thus, the penalties provided in Labor

28

8257502.1
DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1  Code Section 203 cannot apply to Section 226.7 claims because Labor Code Section 203 is

2  triggered only by the nonpayment of wages, which gives rise to waiting time penalties.  *See Kirby*,

3  53 Cal.4th at 1256-1257; *Singletary v. Teavana Corp.*, No. 5:13-cv-01163-PSG, 2014 U.S. Dist.

4  LEXIS 62073 at *10-15 (N.D. Cal May 2, 2014); *Rodriguez v. Old Dominion Freight Line*, No.

5  CV 13-891 DSF (RZx), 2013 U.S. Dist. LEXIS 171328 at *15-16 (C.D. Cal. Nov. 27, 2013),

6  *abrogated on other grounds by Dilts v. Penske*, No. 12-55705, 2014 U.S. App. LEXIS 12933 (9th

7  Cir. Cal. July 9, 2014, amended Sept. 8, 2014).

8        And as briefed in Defendants' moving papers, Plaintiff's five causes of action all fail to

9  meet the *Iqbal/Twombly* pleading standards.  This Court has dismissed class action wage and hour

10  complaints which only made "threadbare, legal conclusions that merely parrot the statutory

11  requirements of [the Labor Code]."  *Nelson v. Dollar Tree Stores, Inc.*, No. 2:11-CV-01334 JAM-

12  CMK, 2011 U.S. Dist. LEXIS 90531 at *5-6 (E.D. Cal. April 15, 2011); *Anderson v. Blockbuster,*

13  *Inc.,* No. 2:10-cv-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 at *7-8 (E.D. Cal. May 4,

14  2010).

15        Even now, Plaintiff has failed to demonstrate how leave to amend would cure the defects,

16  nor has she shown any good cause for allowing such further leave despite several prior

17  opportunities.  Under these circumstances, judgment in Defendants' favor and dismissal of

18  Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action are proper.

19  **D.**    **This Court Has Considered And Granted Motions To Strike Beyond The 21-Day Period Where Appropriate.**

20

21        While Defendants acknowledge that a Rule 12(f) motion may be brought within 21 days

22  after a pleading is filed, such motions are not strictly limited to that time period.  Indeed, this

23  Court has considered and granted motions to strike beyond the 21-day period where appropriate.

    *See Corrections USA v. Dawe*, 504 F.Supp.2d 924, 930 (E.D. Cal. 2007) ("The court, however,

24  may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the

25  court may consider and grant an untimely motion to strike where it seems proper to do so.")

26  (citing 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380); *see also Lopez v.*

27  *County of Tulare*, 2012 U.S. Dist. LEXIS 1833, *41 (E.D. Cal. 2012) (same); *Champlaie v. BAC*

28

-9-

DEFS' REPLY MPA ISO MOT. FOR JUDGMENT ON THE PLEADINGS AND MOT. TO STRIKE
(Case No. 1:13-cv-00701-LJO-MJS)

1 | *Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009) (same).

2 |     Here, Plaintiff's Opposition fails to provide any basis for recovery of attorneys' fees and

3 | fails to show why her prayer for attorneys' fees should not be stricken or dismissed in light of the

4 | Supreme Court's decision in *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1248, 1256-

5 | 1257 (2012), which forecloses attorneys' fees under the Labor Code for actions claiming Section

6 | 226.7 meal and rest break violations.  Plaintiff also fails to demonstrate how her individual or

7 | class allegations meet the requisite pleading standards, nor does she make any good cause

8 | justifying further leave to amend.  Under these circumstances, Defendants respectfully request that

9 | this Court grant Defendants' motion to strike the request for attorneys' fees and class allegations.

10 | **III.    CONCLUSION**

11 |     Based on the foregoing, Defendants respectfully request that this Court grant Defendants'

12 | Motion for Judgment on the Pleadings and Motion to Strike; or in the alternative, grant

13 | Defendants' Motion for Partial Judgment on the Pleadings.

14 | DATED: September 9, 2014                                    HANSON BRIDGETT LLP

16 |                                 By:              /s/ Dorothy S. Liu

17 |                                        DOROTHY S. LIU
                                       DAVID A. ABELLA
                                 Attorneys for Defendants

28 |