UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA BUCK, on behalf of herself and all others similarly situationed,<br><br>Plaintiffs,<br><br>v.<br><br>CEMEX, INC., CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, and DOES 1-50, inclusive,<br><br>Defendants. | 1:13-cv-00701-LJO-MSJ<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE**<br>(Doc. 45) |

## I.   INTRODUCTION

Plaintiff Trisha Buck ("Buck") purports to bring this action for failure to provide breaks, wage statements, and payment of wages as well as for unfair competition on behalf of herself and a class of similarly situated truck drivers employed by Defendants Cemex, Inc., and Cemex Construction Materials Pacific, LLC ("Defendants") in California.  Pending before the court is Defendants' motion for judgment on the pleadings as to Buck's complaint and motion to strike Plaintiff's request for attorney's fees.  For the reasons discussed below, this Court GRANTS Defendants' motion for judgment on the pleadings as to Buck's complaint, DENIES Defendants' motion to strike, and ORDERS Buck to file a written statement by no later than October 25, 2014 in relation to her request for leave to amend.

## II.   BACKGROUND

Buck was employed by Defendants as a cement truck driver in 2012.  During her employment,

1

Buck was a member of Teamsters Local 386 labor union ("Teamsters"). During all relevant times, Teamsters had a collective bargaining agreement ("CBA") with Defendants that included the terms and conditions governing wages, meal periods, working conditions, grievances, and arbitrations. Buck alleges that Defendants failed to provide her with meal and rest breaks as required by Cal. Lab. Code § 512, failed to pay her timely for the hours she worked during the missed breaks, and failed to provide her with accurate wage statements for the same in violation of Cal. Lab. Code §§ 201-203, 226. Buck purports to bring these claims also on behalf of other similarly situated persons employed as truck drivers by Defendants in California.

Buck brought this action in Stanislaus Superior Court on April 2, 2013. On May 13, 2013, Defendants removed this case to this Court on the basis of federal question jurisdiction. Defendants argued that, although Buck's complaint does not on its face state federal claims, Buck alleges causes of action that are governed exclusively by the CBA between Teamsters and Defendants. On August 29, 2013, a Magistrate Judge of this Court denied Buck's motion to remand this action to Stanislaus Superior Court because the CBA will control the issue of whether Defendants met its obligations to Buck and similarly situated drivers with regard to breaks, and Cal. Lab. Code § 512 exempts the CBA from the non-negotiable, non-waivable protections afforded by the statute. Therefore, under § 301 of the Labor Management Relations Act ("LMRA"), Buck's state law claims are preempted, and this Court exercises federal question jurisdiction over this case. (Doc. 28).

On August 1, 2014, Defendants filed the instant motion for judgment on the pleadings as to Buck's complaint and motion to strike as to Buck's request for attorney's fees. (Doc. 45). Buck filed an opposition on August 26, 2014, and Defendants filed a reply on September 9, 2014.

### III.   DISCUSSION

**A.   Legal Standard**

"The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010). "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as

a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996); *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *In re Seizure*, 683 F. Supp. 2d at 1089 (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). Uncontested allegations to which the other party had an opportunity to respond are taken as true. *Flora v. Home Fed'l Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir.1982). Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999) ("A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law.").

"Generally, a court may consider only allegations made in the complaint and the answer; extrinsic factual material may not be taken into account." *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing *Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir. 1981)). "However, materials properly attached to a complaint as exhibits may be considered." *Id*. (citing *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc*., 583 F.2d 426, 429 & n. 2 (9th Cir. 1978)); Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). "Rule 12(c) itself and supporting case law indicate that if matters outside the pleadings are presented to and not excluded by the court, the motion for judgment on the pleadings is converted into a Rule 56 summary judgment motion." *Id*. (citing William W. Schwarzer et al., *Federal Civil Procedure Before Trial*, § 9:339; *Hal Roach Studios, Inc*., 896 F.2d at 1550). "The fact that such extrinsic material was submitted to the court does not automatically convert a motion for judgment on the pleadings into one for summary judgment. It must appear that the court relied on the extrinsic evidence in reaching its conclusions before that conversion occurs." *Id*. (citing *Homart Dev. Co. v. Sigman*, 868 F.2d 1556, 1561–62 (11th Cir. 1989)).

**B.     Analysis**

Defendants argue that Buck's first, third, fourth, and fifth causes of action under the California Labor Code for missed meal breaks and attendant violations must be dismissed because, under § 301 of the LMRA, those claims are converted into claims under the CBA, and Buck fails to allege exhaustion of the CBA's grievance procedure. Defendants further argue that Buck fails to state a claim under Fed. R. Civ. P. 12(b)(6) as to each of her causes of action. Finally, Defendants argue that Buck's request for attorney's fees must be stricken from the complaint from attorney's fees are not recoverable under the Labor Code for meal and rest break violations.

Buck argues that the CBA does not apply to her and that Defendants' motion is untimely. Buck also seeks leave to amend her complaint if it is dismissed in part or in its entirety.

     **1.     Preliminary Issues**

          **a)     Timeliness of Defendants' Motions**

               **i.     Motion for Judgment on the Pleadings**

Buck mischaracterizes Defendants' motion for judgment on the pleadings, and, as a result, her argument as to its timeliness is misguided. Defendants bring a motion for judgment on the pleadings as to Buck's complaint pursuant to Fed. R. Civ. P. 12(c), not a motion to dismiss for failure to state a claim pursuant to Rule 12(b). (Doc. 45). Rule 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings in this matter have closed, and a jury trial is scheduled for June 30, 2015. (Doc. 43). Therefore, Defendants' August 1, 2014 filing of this motion for judgment on the pleadings meets the timing requirements of Rule 12(c). Moreover, Buck's argument that Defendants untimely filed a Rule 12(b)(6) motion appears to lack any relevance to the motion at bar. Indeed, the Court cannot discern the source of Buck's confusion – there is no indication whatsoever that Defendants' motion is a Rule 12(b)(6) motion.

               **ii.     Motion to Strike**

However, Buck persuasively argues that Defendants' motion to strike is untimely. Under Fed. R. Civ. P. 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding

1 to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."
2 Defendants concede that the instant motion to strike does not meet the timing requirements of Rule
3 12(f). (Doc. 54 pp. 9-10). Defendants instead point out that this Court has considered untimely
4 motions to strike where it seems proper to the Court to do so, as Rule 12(f) gives the Court discretion
5 to make orders to strike under the Rule at any time on its own initiative. *Id*. (citing *Corr. USA v.*
6 *Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007); 5C Wright and Miller, Federal Practice and
7 Procedure: Civil 2d § 1380). The Defendants are correct that this Court has discretion to choose
8 whether or not to consider untimely motions to strike. For the reasons discussed below, this Court
9 chooses not to consider Defendants' instant motion to strike.

        **b)  Whether CBA Applies to Buck**

11   In her opposition, Buck contests that she was a member of Teamsters and that the CBA applies
12 to her. "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue
13 that has already been decided by the same court, or a higher court in the identical case." *United States*
14 *v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.
15 1993); *Arizona v. California*, 460 U.S. 605, 618 (1983)) (internal quotations omitted). "A court may
16 have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2)
17 an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4)
18 other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id*. "Failure to
19 apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of
20 discretion." *Id*. (citing *Thomas*, 983 F.2d at 155). In the Order denying Buck's motion to remand, this
21 Court considered the application of the CBA to Buck and its effect on Buck's claims. (Doc. 28). This
22 Court held that, because the CBA governed Buck's wages and working conditions during her
23 employment with Defendants, and Defendants may exempt themselves from the terms of Cal. Lab.
24 Code § 512, Buck's state law meal break claims are preempted by the LMRA § 301. *Id*. Buck now
25 urges this Court to contradict its previous order to find that the CBA did not apply to Buck. However,
26 Buck provides nothing to show that any of the requisite conditions are present for this Court to depart
27 from the rule of law doctrine in this case. Accordingly, under the rule of law doctrine, this Court
28 declines to reconsider the issue of whether the CBA applies to Buck. *Alexander*, 106 F.3d at 876.

### 2. Exhaustion of CBA's Grievance Procedure

Defendants correctly point out that Buck fails to allege that she exhausted or utilized to any extent the mandatory grievance procedure of the CBA.[1]

As the Supreme Court has stated, "federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) (internal footnote collecting cases omitted). "Congress has expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the 'common law' of the plant." *Id*. (citing LMRA § 203(d), 29 U.S.C. § 173(d); § 201(c), 29 U.S.C. § 171(c) (1958 ed.)). "[U]nless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf." *Id*. (internal footnote omitted). Therefore, "[f]ailure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court." *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) (internal citation omitted).

Because nothing before the Court indicates that Buck utilized or exhausted the CBA's grievance procedures as to any of her claims for violation of the CBA, Buck fails to state a claim as to each of her CBA causes of action. Accordingly, Defendants' motion for judgment on the pleadings as to Buck's complaint is GRANTED.

Further, because Buck's complaint is dismissed in its entirety, Defendants' motion to strike is DENIED because it is moot.

---

[1] Defendants address their argument as to failure to exhaust grievance procedures to each of Buck's causes of action except for Buck's second cause of action for failure to provide rest breaks. However, Buck's second cause of action, like the rest of her claims, is preempted and converted into a claim for a violation of the CBA. In her second claim, Buck alleges that Defendants failed to provide a ten-minute rest break for every four hours of work. (Compl. ¶¶ 42-43). As this Court noted in its Order denying remand, § 7 of the CBA specifically provides for, consistent with California law, a ten minute rest period every four hours of work. (Doc. 28 p. 9). The remand Order held that "the state law claims here are preempted by the LMRA § 301," but, because the parties limited their discussion to Buck's meal break and related claims, the Court did so as well. *Id*. at 13. The Court now clarifies that, because it is "substantially dependent on analysis of a collective bargaining agreement" as required by § 301 of the LMRA and because the CBA at issue meets the requirements of Cal. Lab. Code § 512 for exempting Defendants from § 512's terms, Buck's second cause of action also is preempted and converted into a CBA claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987); Cal. Lab. Code § 512(e).

### 3. Leave to Amend

Buck seeks leave to amend her complaint if it is dismissed in part or in its entirety.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Federal procedure states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.  "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co*., 785 F.2d 762, 766 (9th Cir. 1986)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id*. (citing *Baker v. Pacific Far East Lines, Inc*., 451 F.Supp. 84, 89 (N.D. Cal. 1978); *see generally*, 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974) (stating that the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).  District courts may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Foman*, 371 U.S. at 182.

As discussed above, nothing before the Court indicates that Buck utilized or exhausted the grievance procedure of the CBA, which is a required prerequisite to bringing a civil claim for violation of the CBA.  Tellingly, Buck made no mention of the grievance procedure in her opposition to Defendants' motions, and, instead, argues unpersuasively that the CBA does not apply to her. Therefore, the Court ORDERS Buck to file by no later than October 25, 2014 a written statement certifying that she indeed has exhausted the CBA's grievance procedure as required to bring a claim in this Court.  If Buck fails to file such a statement, Buck's request for leave to amend her complaint will be DENIED on the basis of futility.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS Defendants Cemex, Inc., and Cemex Construction Materials Pacific, LLC's motion for judgment on the pleadings as to Plaintiff Trisha Buck's complaint;
2. DENIES as moot Defendants' motion to strike; and
3. ORDERS Buck to file a written statement by no later than October 25, 2014 in accordance with the instructions set forth herein.

IT IS SO ORDERED.

Dated:   **October 23, 2014**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

4.